# CUMBERLAND BANK

*v.*

## BAKER et al.

[Filed November 14th, 1898.]

In the absence of special equities, such as the purchase of the progeny without notice, the progeny of mortgaged animals follows the mortgage, although it is not expressly so stipulated therein.

On bill, &c., and exception to receivers' account and report.

*Mr. William A. Logue*, for the complainant.

*Mr. Walter H. Bacon*, for the receivers.

GREY, V. C.

This suit is a foreclosure of a chattel mortgage held by the bank. The defendants were the mortgagor, Baker, and also Garrison and Minch, the holders, as partners, of a chattel mortgage which they agreed should be subsequent to the bank's mortgage, and Garrison individually, in respect to another mortgage by him thereafter received from the mortgagor.

The priority of the complainant's mortgage has been established in previous litigation in this case. *12 Dick. Ch. Rep. 231.* Among the chattels included in the mortgages was a cow, which, after the making of the complainant's mortgage, dropped a calf. The receivers appointed under the complainant's foreclosure sold this calf for $25, but have failed to charge themselves with its price in their account, upon the supposition that this increase was after-acquired property and not covered by the complainant's mortgage. An exception is filed to their account for their omission to charge themselves with the price obtained for this calf.

The doctrine seems to be well settled that the title to the progeny follows that of the dam. *2 Bl. Com. 390.* *Partus sequitur ventrem* is the rule as to the brute creation under the common law, " though," the learned commentator quaintly adds, " for the most part in the human species, it disallows that maxim." As to slaves, the title to children, born of slave mothers who were mortgaged, has been held to follow the mortgage (*Fowler* v. *Merrill, 11 How. 396*), and this where in the mortgage no special mention was made that the progeny should be included. *Fowler* v. *Merrill, supra.* If the effect of the rule is to be disregarded, there must be some special equity shown, such as the purchase of the progeny without notice, &c.

As this case is presented by the proofs heretofore offered, and the additional facts stated and agreed upon in the exception, no equity is outstanding in any of the defendants to claim the proceeds of the sale of the progeny of the mortgaged cow. The calf was not existent when the chattel mortgages were made and recorded, but might at any time have come into existence. The complainant's mortgage was a lien upon the calf's dam, and when it was made, the defendants Garrison and Minch agreed it should be a precedent lien to their mortgage, and they took their own mortgage upon the said property, including the dam, subject to that agreement. They subsequently took another mortgage to secure the same debt upon the same property, under the belief that they could thus avoid their covenant that the complainant's mortgage should be first. This contention has been overruled in the previous decision in this case. Mr. Garrison, one of the defendants, also took a mortgage from the mortgagor, some months after the complainant's had been made and recorded, upon the same property, but to secure a pre-existing debt.

The mortgage of the complainant was a good lien when made, upon the possible progeny of the dams mortgaged. This progeny, when the mortgage was made, had no separate existence, and was not susceptible of immediate delivery and of actual and continued possession as a separate entity, as contemplated by the Chattel Mortgage act, but it had such a potential existence that

the mortgagor might sell or mortgage it. It is doubtful if the provisions of the Chattel Mortgage act apply to a mortgage of such property. All of the defendants had actual notice of the complainant's mortgage, as well as constructive notice, if the Chattel Mortgage act applied. None of them appear to have taken any action subsequent to its birth dealing with the calf as a separate piece of property, or parting with any values because of its separate existence. There is nothing shown which should prevent the application of the ordinary rule *partus sequitur ventrem*.

The calf, being the progeny of the dam named in the complainant's mortgage, was not after-acquired property, but had a potential existence when the complainant's mortgage was made and was included within the lien of that mortgage.

I will advise an order sustaining the exception and ordering the receivers to account for the $25, the price at which they sold the calf.